Wachtler, J.
(concurring). It seems grossly unfair to allow a witness to be cross-examined as to why he did not attempt to help the defendant by volunteering to appear before a *325 Grand Jury or otherwise communicate with the prosecution. In addition, it would generally appear to be true that cross-examination on this point would be of little or no probative value with respect to the witness’ credibility.
In many, if not most cases, where the witness is not aware of the Grand Jury or its function, his failure to voluntarily appear before that body simply reflects a lack of legal knowledge, and has no bearing on his ability to tell the truth. On the other hand if the witness possesses sufficient knowledge of legal proceedings and their consequences, it is likely that he would also realize, as lawyers do, that the appearance by a potential defense witness before the Grand Jury does not always help the defendant and may in fact severely damage his case. Indeed the majority notes that counsel for the defendant may properly advise the witness that he may best assist the defendant by saving his testimony for trial. In that event, the court holds it would be improper to question the witness about his failure to appear before the Grand Jury.
Although, in my view, prosecution inquiry on this point often poses a risk to the defendant’s right to a fair trial, it would appear that the potential for abuse will be avoided if the restrictions imposed by the court are carefully observed in future cases. In fact there will rarely be occasion to employ this type of cross-examination. In those cases where the defendant has been arrested and arraigned prior to indictment by the Grand Jury, counsel retained or assigned at that time will undoubtedly advise potential defense witnesses as to whether they can assist the defendant by communicating with the Grand Jury or the prosecutor. And, of course, in cases where the defendant was indicted prior to arrest, the witness would be unaware of the Grand Jury proceedings and the defendant’s need for assistance. In either of those circumstances cross-examination on this point would be prohibited.
Chief Judge Cooke and Judges Jasen and Jones concur with Judge Gabrielli; Judge Wachtler concurs in a concurring opinion in which Judges Fuchsberg and Meyer also concur.
Order affirmed.